1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT CURTIS WILLIAMS, III,            No.  2:21-cv-0921 KJN P

12                      Plaintiff,

13          v.                                 ORDER

14    ACEVES,

15                      Defendant.

16

17          Plaintiff is a state prisoner, proceeding pro se.  Pending are defendant's motion for

18    summary judgment, plaintiff's motion to reopen discovery and defer summary judgment under

19    Rule 56(d) of the Federal Rules of Civil Procedure, and his supplemental response.  The

20    undersigned denies plaintiff's motion to reopen discovery, but grants plaintiff's motion to defer

21    summary judgment, and requests counsel for defendant to advise the status of plaintiff's legal

22    materials.

23    Plaintiff's Complaint

24          This action proceeds on plaintiff's verified complaint regarding incidents at California

25    Medical Facility.  (ECF No. 1.)  In an effort to receive his legal materials, plaintiff alleges that

26    after informing defendant Aceves of plaintiff's right to continue his active civil complaint,

27    defendant Aceves began loudly calling plaintiff a child molester and engaged in other explicit

28    name calling in the presence of other inmates to put plaintiff's life and safety at risk.  Then, in

response to plaintiff placing his mattress against the window, and rather than attempting to de-escalate the situation, defendant Aceves called an emergency welfare check.  Before the emergency team forced their way into plaintiff's cell, and while plaintiff was attempting to comply with prone down orders, defendant Aceves violently struck plaintiff in the face with Aceves' baton with the deliberate intent to cause pain and permanent injuries.  (ECF No. 1 at 6.)  Plaintiff sustained, inter alia, eustachian tube dysfunction, migraines, and nightmares.  Plaintiff seeks money damages.

Background

On June 25, 2021, the court ordered that this case proceed on plaintiff's complaint against defendant Aceves for alleged retaliation in violation of the First Amendment, and failure to protect plaintiff and excessive force used against plaintiff in violation of the Eighth Amendment.[1] (ECF No. 8 at 2.)

On November 15, 2021, the undersigned issued the discovery and scheduling order; discovery closed on March 18, 2022.  (ECF No. 25.)  Defendant sought two extensions of the pretrial motions deadline, which expired on September 23, 2022.  (ECF No. 33.)

Defendant's motion for summary judgment was filed on September 22, 2022.  (ECF No. 34.)  On October 17, 2022, plaintiff submitted his 56(d) motion to prison officials for mailing.  (ECF No. 36.)  On November 4, 2022, defendant filed an opposition to plaintiff's motion to reopen discovery and a supplemental response to plaintiff's putative opposition to the motion for summary judgment.  (ECF No. 37.)

Governing Rule

Rule 56(d) provides:

> (d) If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;

---

[1] Plaintiff also claimed a violation of due process, but included no facts implicating such violation.

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Pursuant to Federal Rule of Civil Procedure 56(d)(2), if plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose defendants' motion for summary judgment, the court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), plaintiff must identify by affidavit the specific facts that further discovery would reveal and explain why those facts would preclude summary judgment.  Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).  Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists and demonstrating that the evidence sought actually exists and that it would prevent summary judgment.  Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009).

Discussion

Initially, defendant contends that the court should grant the motion for summary judgment because plaintiff's motion and supplemental response were untimely filed.  Indeed, plaintiff's filing was four days late.  The opposition was due on October 13, 2022; under the mailbox rule, plaintiff's filing was handed to prison officials for mailing on October 17, 2022.  (ECF No. 36 at 34.)  However, because the record reflects that plaintiff was without his legal and personal property and is proceeding pro se, the undersigned grants plaintiff an extension of time, nunc pro tunc.  Plaintiff's motion and supplemental response are deemed timely-filed.  Plaintiff is cautioned that in the future, he should seek an extension of time before the court deadline expires.

In his motion, plaintiff claims he was unable to adequately participate in discovery due to unforeseeable health complications resulting in his hospitalization.  (ECF No. 36 at 6.)  No affidavit or declaration was provided.  The court could deny plaintiff's motion on such grounds alone.  However, because plaintiff is proceeding pro se, the undersigned addresses the motion.

////

Plaintiff argues he was unable to adequately participate in discovery because he suffered acute renal failure, and was hospitalized from June 20, 2022, to July 27, 2022, a period of 40 days.  (ECF No. 36 at 6.)  After his discharge from the hospital, he was transferred to the California Health Care Facility ("CHCF") in Stockton for medical treatment in an outpatient unit program.  Plaintiff also argues that he cannot effectively oppose the motion for summary judgment because he does not have access to his legal and personal property, which contains "an abundance amount of undisputed legal documents that support his position and contradicts the defendant's version."  (Id.)  As a result, plaintiff asks the court to postpone the motion for summary judgment until plaintiff can receive all his legal and personal property.

However, as argued by defendant, discovery closed on March 18, 2022.  While the court is sympathetic to plaintiff's lengthy hospitalization in June and July, plaintiff fails to explain how such subsequent health issues affected his ability to conduct discovery from November 15, 2021, when the deadline was set, and March 18, 2022, when the deadline expired.  Also, defendant points out that plaintiff served requests for production of documents to which defendant responded in February of 2022, demonstrating that plaintiff was able to conduct discovery.  Such view is further supported by plaintiff's claim that he has "an abundance" of legal documents in his legal materials.  Therefore, the undersigned finds that plaintiff has failed to meet his burden to show he is entitled to an order reopening discovery.

That said, plaintiff has shown that an extension of time to oppose the dispositive motion is warranted due to his lengthy lack of access to his legal materials and personal property.  It appears that after plaintiff was released from the hospital,[2] he was transferred to CHCF on or about July 27, 2022.  (ECF No. 36 at 6.)  Shortly after his return to CHCF, plaintiff filed an administrative appeal concerning his missing property on July 30, 2022.  (ECF No. 36 at 29.)  But on August 12, 2022, plaintiff's appeal was transferred to California State Prison, Los Angeles County ("CSP-LAC"), where plaintiff was housed prior to his hospitalization.  (ECF No. 36 at

---

[2]  Before his hospitalization, plaintiff was housed in administrative segregation at CSP-LAC where his personal and legal property was stored.  (ECF No. 36 at 29.)  When plaintiff was taken to the hospital, it was anticipated that plaintiff would return the same day.  (Id.)

32.)  Although the reviewing official indicated a response from CSP-LAC was due on or before

October 5, 2022, it is unclear whether any decision was rendered by officials at CSP-LAC,

whether plaintiff's property has been located, or whether it is missing.

Obviously, plaintiff cannot oppose the motion for summary judgment without his legal

materials.  Therefore, counsel for defendant is requested to contact appropriate prison officials to

ascertain the status of plaintiff's legal materials.  Counsel for defendant shall advise the court of

the status of plaintiff's legal materials within thirty days from the date of this order.  In the

meantime, if plaintiff receives his legal materials, he shall forthwith inform the court of such

receipt.  Once the court receives confirmation that plaintiff has received his legal materials, the

court will grant plaintiff an extension of time to oppose the motion.  Therefore, plaintiff's

obligation to oppose the motion for summary judgment is deferred until further court order.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff is granted an extension of time, nunc pro tunc, to file his response (ECF No.

36), which is deemed timely-filed;

2.  Plaintiff's motion to reopen discovery (ECF No. 36) is denied;

3.  Plaintiff's motion to defer defendant's motion for summary judgment (ECF No. 36) is

granted;

4.  Within thirty days from the date of this order, counsel for defendant shall advise the

status of plaintiff's legal materials; if plaintiff receives his legal materials in the meantime he

shall forthwith inform the court; and

5.  Plaintiff's obligation to oppose the motion for summary judgment is deferred until

further order of court.

Dated:  November 9, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will0921.56d