UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS WILLIAMS, III, | No. 2:21-cv-0921 KJN P |
| Plaintiff, | |
| v. | ORDER |
| ACEVES, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se. Defendant's motion for summary judgment is pending, and plaintiff's opposition was stayed pending briefing on whether plaintiff had received his legal materials. On November 17, 2022, plaintiff filed an opposition to defendant's reply to the motion for summary judgment; on December 9, 2022, defendant filed an opposition to plaintiff's filing. Plaintiff again seeks to re-open discovery, and now also seeks leave to file an amended complaint.[1]  As set forth below, upon reconsideration, plaintiff's motion to reopen discovery is denied.

Plaintiff's Complaint

This action proceeds on plaintiff's verified complaint regarding incidents at California Medical Facility. (ECF No. 1.) In an effort to receive his legal materials, plaintiff alleges that

---

[1] Plaintiff's motion to amend will be addressed separately.

after informing defendant Aceves of plaintiff's right to continue his active civil complaint, defendant Aceves began loudly calling plaintiff a child molester and engaged in other explicit name calling in the presence of other inmates to put plaintiff's life and safety at risk.  Then, in response to plaintiff placing his mattress against the window, and rather than attempting to de-escalate the situation, defendant Aceves called an emergency welfare check.  Before the emergency team forced their way into plaintiff's cell, and while plaintiff was attempting to comply with prone down orders, defendant Aceves violently struck plaintiff in the face with Aceves' baton with the deliberate intent to cause pain and permanent injuries.  (ECF No. 1 at 6.)  Plaintiff sustained, *inter alia*, eustachian tube dysfunction, migraines, and nightmares.  Plaintiff seeks money damages.

Background

On June 25, 2021, the court ordered that this case proceed on plaintiff's complaint against defendant Aceves for alleged retaliation in violation of the First Amendment, and failure to protect plaintiff and excessive force used against plaintiff in violation of the Eighth Amendment.[2]  (ECF No. 8 at 2.)

On November 15, 2021, the undersigned issued the discovery and scheduling order; discovery closed on March 18, 2022.  (ECF No. 25.)  Defendant sought two extensions of the pretrial motions deadline, which expired on September 23, 2022.  (ECF No. 33.)

Defendant's motion for summary judgment was filed on September 22, 2022.  (ECF No. 34.)  Plaintiff sought to reopen discovery.  (ECF No. 36.)  On November 4, 2022, defendant filed an opposition to plaintiff's motion to reopen discovery and a supplemental response to plaintiff's putative opposition to the motion for summary judgment.  (ECF No. 37.)  On November 9, 2022, plaintiff's motion to reopen discovery was denied, and the motion for summary judgment was deferred until after plaintiff received his legal materials.

Shortly thereafter, plaintiff filed a document styled "Plaintiff's Opposition, to defendant's opposition to plaintiff's motion and supplemental response, to defendant's motion for summary

---

[2] Plaintiff also claimed a violation of due process, but included no facts implicating such violation.

2

judgment," signed by plaintiff on November 14, 2022.  In addition to opposing the summary judgment motion, plaintiff acknowledged receipt of the November 9, 2022 order, and seeks reconsideration of the order denying his prior motion to reopen discovery.  (ECF No. 39 at 19.) Plaintiff sought leave to serve requests for admissions (ECF No. 39 at 8), and included a motion to compel further production of documents (ECF No. 39 at 16).

On December 9, 2022, defendant filed an opposition to plaintiff's filing.  Given the court's last order, defendant objects to plaintiff's arguments in opposition to the pending motion, and opposes the request for reconsideration of the motion to reopen discovery.  (ECF No. 40.)

<u>Plaintiff's Putative Opposition to the Pending Motion</u>

On November 9, 2022, the court deferred plaintiff's opposition to the motion for summary judgment because plaintiff did not have possession of his legal materials.  Thus, plaintiff's arguments opposing the motion are premature and improper.  Once the court is apprised of the status of plaintiff's legal materials, a further order will issue setting a deadline for plaintiff to file an opposition.[3]

<u>Motion for Reconsideration re Motion to Reopen Discovery</u>

On November 9, 2022, the undersigned denied plaintiff's motion to reopen discovery. Plaintiff now asks this court to reconsider the prior order denying the motion to reopen discovery. (ECF No. 39 at 19.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, <u>U.S. v. Westlands Water Dist.</u>, 134 F. Supp. 2d

---

[3] Defense counsel notified the undersigned's courtroom deputy that as of December 9, 2022, plaintiff's legal property was in transit to plaintiff at California Health Care Facility.  Defendant is granted an extension of time to notify the court that plaintiff has received his legal property.

1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

Discussion

In his motion for reconsideration of the court's order denying his motion to reopen discovery, plaintiff now argues that his medical condition was chronic and he was in unbearable pain in the months leading up to his surgery.  Plaintiff alleges that in early February of 2022 he suffered food poisoning which drained plaintiff of energy and his ability to concentrate for a long period of time.  He claims this went on for four months until he collapsed from the shut-down of his kidneys which were operating at ten percent.  Plaintiff was hospitalized outside the prison from June 2022 until July 2022, and was not in possession of his legal property.  Plaintiff provided supporting exhibits which he claims were submitted with his original request but somehow did not make it to the court.  (ECF No. 39 at 20.)

But plaintiff again does not explain his failure to seek leave of court, either to request to stay this action pending his alleged health crisis, or to grant him an extension of the discovery deadline that expired on March 18, 2022.  Indeed, he was able to propound discovery to defendant, to which defendant responded in February of 2022 (ECF No. 38 at 4), demonstrating that plaintiff could have sought court assistance at that time.  Moreover, in his Fresno case, plaintiff entered into a stipulation with opposing counsel on March 14, 2022, and signed a declaration on May 12, 2022, confirming he turned over all relevant documents to defendants on April 21, 2022, and sought an order scheduling the case for trial.  Williams v. Castro, No. 1:20-cv-1617 SAB (E.D. Cal.) (ECF Nos. 40 at 3; 43 at 2.)[4]  Also, the newly-provided medical record

////

---

[4] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

4

dated June 20, 2022, states plaintiff had nausea with vomiting "for the last week." (ECF No. 39 at 34.)

Filings and responses by plaintiff belie his alleged inability to conduct discovery in February or March of 2022, or to earlier seek an extension of the discovery deadline. The undersigned does not find the newly-provided documents support plaintiff's request to reopen discovery. Upon reconsideration, plaintiff's motion to reopen discovery is denied.

<u>Motion to Compel Production of Documents</u>

Plaintiff's motion (ECF No. 39 at 16) is untimely and is therefore denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant is granted fourteen days from the date of this order to file a notice with the court that plaintiff has possession of, or access to, his legal property.

2. Plaintiff's arguments in opposition to the pending motion for summary judgment are disregarded; once plaintiff has access to his legal property, the court will issue an order setting a new briefing schedule on defendant's motion for summary judgment.

3. Upon reconsideration (ECF No. 39), plaintiff's motion to reopen discovery is denied.

4. Plaintiff's motion to compel discovery (ECF No. 39) is denied as untimely.

Dated: December 19, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/will0921.rec