UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS WILLIAMS, III, | No. 2:21-cv-0921 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ACEVES, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff's motion to amend is before the court. As set forth below, plaintiff's motion to amend should be denied.

Plaintiff's Complaint

This action proceeds on plaintiff's verified complaint regarding incidents at California Medical Facility. (ECF No. 1.) Plaintiff alleges that in an effort to receive his legal materials, and after informing defendant Aceves of plaintiff's right to continue his active civil complaint, defendant Aceves began loudly calling plaintiff a child molester and engaged in other explicit name calling in the presence of other inmates to put plaintiff's life and safety at risk. Then, in response to plaintiff placing his mattress against the window, and rather than attempting to de-escalate the situation, defendant Aceves called an emergency welfare check. Before the emergency team forced their way into plaintiff's cell, and while plaintiff was attempting to comply with prone down orders, defendant Aceves violently struck plaintiff in the face with

1  Aceves' baton with the deliberate intent to cause pain and permanent injuries.  (ECF No. 1 at 6.)
2  Plaintiff sustained, *inter alia*, eustachian tube dysfunction, migraines, and nightmares.  Plaintiff
3  seeks money damages.

4  Background

5  On June 25, 2021, the court ordered that this case proceed on plaintiff's complaint against
6  defendant Aceves for alleged retaliation in violation of the First Amendment, and failure to
7  protect plaintiff and excessive force used against plaintiff in violation of the Eighth Amendment.[1]
8  (ECF No. 8 at 2.)  The court's discovery and scheduling order issued on November 15, 2021.
9  The pretrial motions deadline was extended to September 23, 2022.

10  Defendant's September 22, 2022 motion for summary judgment is pending.  (ECF No.
11  34.)  On November 14, 2022, plaintiff sought leave to amend his complaint to include an ADA
12  claim (ECF No. 39 at 11-12).  On December 9, 2022, defendant filed an opposition to plaintiff's
13  filing.  (ECF No. 40.)  Plaintiff did not file a reply.

14  Plaintiff's Motion to Amend

15  Plaintiff seeks leave to amend to include claims under the Americans with Disabilities Act
16  ("ADA").  Plaintiff claims that before he was hospitalized, he was "diligently researching the
17  [ADA] claim" so he could amend his complaint.  (ECF No. 39 at 12.)  He also contends that his
18  ADA claim is admissible evidence that defendant knew or should have known that plaintiff was
19  entitled to reasonable accommodations.  (Id.)  Defendant counters that he will be greatly
20  prejudiced if plaintiff is permitted to amend at this late stage of the proceedings; plaintiff failed to
21  adequately explain his delay; any amendment would be futile because plaintiff provides no facts
22  connecting such putative claim to plaintiff's claims against defendant and fails to demonstrate he
23  exhausted his administrative remedies as to an ADA claim; and plaintiff failed to provide a
24  proposed amended complaint.  (ECF No. 40 at 4-5.)

25  While amendment of pleadings is ordinarily liberally granted under Federal Rule of Civil
26  Procedure 15(a), after a scheduling order has issued, a movant must demonstrate "good cause" to

---

[1] Plaintiff also claimed a violation of due process, but included no facts implicating such violation.

2

justify amendment under Federal Rule of Civil Procedure 16(b).  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 606-07 (9th Cir. 1992).  The "good cause" standard "focuses on the diligence of the party seeking amendment."  Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. June 16, 1999) (citing Johnson, 975 F.2d at 609).  The "good cause" standard "focuses on the diligence of the party seeking amendment."  Jackson, 186 F.R.D. at 607 (citing Johnson, 975 F.2d at 609).  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson, 975 F.2d at 609 (internal quotation marks omitted).  "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted."  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted).  Put simply, "good cause" means scheduling deadlines cannot be met despite a party's diligence.  6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990).  In addition to a lack of diligence, "prejudice to the party opposing the modification" may supply additional reasons to deny modification.  Johnson, 975 F.2d at 609.

In order to demonstrate diligence, plaintiff must show whether he collaborated with the court in setting a schedule; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent.  Id. at 608 (citations omitted).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Johnson, 975 F.2d at 609.  However, the district court is given broad discretion under Rule 16.  Id. at 607.

Therefore, in interpreting the "good cause" requirement under Federal Rule of Civil Procedure 16(b), the court primarily considers "the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.  As a secondary consideration, the court considers the degree of prejudice to the opposing party.  Id.

Here, the court issued the discovery and scheduling order over a year ago.  Plaintiff does not explain when he first became aware of the putative ADA claim; rather, he claims he was researching the claim prior to his hospitalization, but provides no further details.  Plaintiff was

3

hospitalized from June 20, 2022, until July 2, 2020, at which time he was transferred to an outside hospital unit in Stockton, California. (ECF No. 39 at 6.) Plaintiff now states that he was in unbearable pain in the months leading up to his surgery, but the medical record he provided states that he had nausea with vomiting "for the last week." (ECF No. 39 at 34.) Plaintiff earlier propounded discovery to defendant, which defendant responded in February of 2022. (ECF No. 38 at 4.) Moreover, court records show that plaintiff was working on discovery in his other case, Williams v. Castro, No. 1:20-cv-1617 SAB (E.D. Cal.), in March and April of 2022, and on May 12, 2022, sought an order scheduling such case for trial. (See ECF No. 41 at 4.) On this record, the undersigned cannot find that plaintiff was diligent in connection with his putative ADA claim proposed in this action. In addition, as further discussed below, defendant would be prejudiced to a high degree by granting such leave to amend at this late stage of the proceedings.

Plaintiff's motion fares no better under Rule 15. Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see, e.g., Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality").

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Undue delay, "by itself . . . is insufficient to justify denying a motion to amend." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052.

Here, the undersigned finds defendant's arguments persuasive. While there is no evidence of plaintiff acting in bad faith, and he has not previously amended his complaint, plaintiff unduly delayed bringing his motion to amend, even given his lengthy hospitalization. Although plaintiff now argues that his medical condition was chronic and he was in unbearable pain in the months leading up to his surgery, at which time he was researching his putative ADA claim, he does not explain his failure to seek leave of court, either to stay this action pending his health crisis, or to extend him an opportunity to amend to include his putative ADA claim. As noted above, he does not specifically identify when he first became aware of the putative ADA claim. In addition, the prejudice to defendant is great, given that discovery is closed and defendant's motion for summary judgment is pending. As noted by defendant, the case would begin anew if plaintiff were allowed to amend at this juncture.

Also, based on plaintiff's motion, it appears such amendment would be futile. Plaintiff fails to provide sufficient facts for the court to determine if plaintiff can state a valid ADA claim against defendant Aceves; indeed, as argued by defendant, plaintiff fails to set forth the elements of an ADA claim and fails to allege facts meeting each element of an ADA claim.[2] Rather, plaintiff states only that he was entitled to "reasonable accommodations." (ECF No. 39.) Such conclusory allegation lacks factual support and constitutes an improper "'formulaic recitation" of

---

[2] The ADA and section 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 et seq. ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity." 28 C.F.R. § 35.130(b)(7).

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002), superseded by statute on other grounds, ADA Amendments Act of 2008, Pub. L. No. 110-325, §§ 4(a), 8, 122 Stat. 3555. A cause of action under section 504 of the RA essentially parallels an ADA cause of action. See Olmstead v. Zimring, 527 U.S. 581, 590 (1999); Duvall v. Cty of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

just one of the elements required to state a claim under the ADA. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) ("formulaic recitations" of elements of cause of action are insufficient.) Under the circumstances pled in the complaint, it is unclear how plaintiff could amend his complaint to state a cognizable ADA claim. Also, plaintiff fails to demonstrate that any putative ADA claim is properly joined with plaintiff's First and Eighth Amendment allegations against defendant Aceves.[3] For all of these reasons, the proposed amendment would be futile.

Finally, plaintiff's motion to amend was not accompanied by a proposed amended complaint. "If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules." L.R. 137(c). Moreover, as a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it.

Thus, for all of the above reasons, the undersigned finds that the prejudice to defendant, the futility of amendment, and the undue delay outweigh the other factors and justify denying plaintiff leave to amend. Plaintiff's motion to amend should be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

Further, IT IS RECOMMENDED that plaintiff's motion to amend (ECF No. 39) be denied.

These findings and recommendations are submitted to the United States District Judge

---

[3] Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 4, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will0921.mta