UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CURTIS WILLIAMS, III,<br><br>Plaintiff,<br><br>v.<br><br>ACEVES,<br><br>Defendant. | No.  2:21-cv-0921 DAD KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On September 22, 2022, defendant filed a motion for summary judgment, and provided plaintiff with the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc).  Following multiple extensions of time, plaintiff did not file an opposition.  As set forth below, the undersigned recommends that this action be dismissed.

Background

On November 15, 2021, the court advised plaintiff of the requirements for filing an opposition to a motion for summary judgment under Rand, and also advised plaintiff that failure to comply with the Federal Rules of Civil Procedure or the Local Rules of Court, may result in the imposition of sanctions, including dismissal of the action.  (ECF No. 25 at 7, 8, citing Fed. R. Civ. P. 41(b), 9.)

Plaintiff was granted multiple extensions of time to oppose the motion for summary judgment. (ECF Nos. 38, 47, & 49.)[1] On April 28, 2023, plaintiff was granted a final thirty day extension of time, over defendant's opposition, and cautioned that no further extensions of time would be granted. (ECF No. 52.) Thirty days from that order have passed, and plaintiff has not filed an opposition or otherwise responded to the court's order.

On May 18, 2023, the district court denied plaintiff's motion for leave to amend, adopting the January 5, 2023 findings and recommendations. (ECF Nos. 39, 43, 53.)

Ferdik Factors

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

Discussion

In determining to recommend that this action be dismissed, the court considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for just over two years and reached the stage, set by the court's November 15, 2021 scheduling order, and subsequently twice modified, for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial. (ECF Nos. 25, 31, 33.) Plaintiff's failure to comply with the Local Rules and the court's prior orders suggests that he abandoned this action and that further time spent by the court thereon will

---

[1] On December 19, 2022, briefing on the motion was stayed pending plaintiff receiving possession of his legal property. (ECF No. 41.) Plaintiff was given his property on January 5, 2023, in advance of his parole to the custody of the Sacramento County Jail on January 9, 2023. (ECF No. 46.)

consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and delays resolution of this action, thereby causing defendants to incur additional time and expense.

The fifth factor also favors dismissal.  The court advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth supra, the first, second, third, and fifth factors strongly support dismissal.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 1, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will0921.nop.fr